UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

DOE,

Plaintiff,

v.

LAKE HALLIE POLICE DEPARTMENT;
CHIEF EDWARD A. ORGON, JR.;
SERGEANT D. SOKUP; OFFICER, Name
to be Determined; and THE STATE OF
WISCONSIN,

Defendants.

Case No. 24-SC-4396 (PJS/JFD)

ORDER

---

A person who refused to identify himself filed this action against the State of Wisconsin, a police department in the State of Wisconsin, and several officers employed by that Wisconsin police department for allegedly unlawful conduct that took place in the State of Wisconsin. The complaint—which the plaintiff asked to be filed under seal—is captioned as though it had been filed in the United States District Court for the Western District of Wisconsin. *See* ECF No. 2 at 1. The same caption appears on most of the many motions that the plaintiff filed alongside the complaint.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This

lawsuit was plainly, obviously brought in the wrong venue. None of the defendants is alleged to reside in Minnesota. *See* 28 U.S.C. § 1391(b)(1). None of the events giving rise to the plaintiff's claims occurred in Minnesota. *See* 28 U.S.C. § 1391(b)(2); ECF No. 2 at ¶ 6. The plaintiff does not even reside in Minnesota. *See* ECF No. 2 at ¶ 7. This District has absolutely nothing to do with this lawsuit.

Section 1406(a) permits a district court to dismiss or transfer a case filed in the wrong venue. The Court does not believe that transfer of this proceeding would be in the interests of justice. The plaintiff has not signed any of the documents that he has filed in this matter; he would therefore be required to resubmit each and every document were this case to proceed in another venue. *See* Fed. R. Civ. P. 11(a). Additionally, the transferee court would almost certainly require the plaintiff—if that court did not summarily dismiss the complaint—to submit an amended pleading providing additional detail regarding the events at issue in this case, as the few allegations in the plaintiff's current pleading are largely conclusory. *See* 28 U.S.C. § 1915(e)(2)(B) (permitting preservice review of a complaint submitted by a litigant seeking to proceed *in forma pauperis*). In effect, the plaintiff would be required to begin this matter all over again, even if this case were to be transferred. Accordingly, the transfer of this proceeding is unlikely to advance the interests of justice in any material way. The dismissal of this proceeding without prejudice will not preclude the plaintiff—who resides in Wisconsin, not Minnesota—from filing the necessary

documents in the Western District of Wisconsin if he believes that he is entitled to relief there.

Only one other matter merits comment: The plaintiff has asked that this entire proceeding be kept under seal at least until he is able to retain counsel who can file documents on his behalf. *See* ECF No. 1. There is a strong presumption that documents filed with the Court will be accessible to the public. *See IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013). The Court has reviewed the many documents submitted by the plaintiff and can perceive no good reason why this proceeding would justify a deviation from that usual rule. There is nothing particularly sensitive in any of the documents, and even if there were, the plaintiff does not identify himself by name, and thus the sensitive information could not be tied to him.

For these reasons, this action will be dismissed without prejudice under § 1406(a), the plaintiff's motion to seal will be denied, and the remaining motions will be denied as moot in light of the dismissal of this action.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. This matter is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1406(a).

2. The motion to seal [ECF No. 1] is DENIED.

3. This case is UNSEALED.

4. All remaining motions [ECF Nos. 3 through 22] are DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 11, 2024         s/Patrick J. Schiltz
                                 Patrick J. Schiltz, Chief Judge
                                 United States District Court